13-2152
Weng v. Holder

BIA
Poczter, IJ
A201 151 537

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT
# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 27th day of October, two thousand fourteen.

PRESENT:
> JOSÉ A. CABRANES,
> RICHARD C. WESLEY,
> CHRISTOPHER F. DRONEY,
> *Circuit Judges.*

_____

Xiang Hua Weng,
> *Petitioner,*

v.                                          13-2152
                                            NAC
ERIC H. HOLDER, JR., UNITED STATES ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:        Oleh R. Tustaniwsky, Brooklyn, NY.

FOR RESPONDENT:        Stuart F. Delery, Assistant Attorney General; Emily Anne Radford, Assistant Director; Kohsei Ugumori, Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Xiang Hua Weng, a native and citizen of China, seeks review of a May 21, 2013, decision of the BIA affirming an Immigration Judge's ("IJ") May 22, 2012, denial of asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Xiang Hua Weng*, No. A201 151 537 (B.I.A. May 21, 2013), *aff'g* No. A201 151 537 (Immig. Ct. N.Y. City May 22, 2012). We assume the parties' familiarity with the underlying facts and procedural history of this case.

Under the circumstances of this case, the Court should review both the IJ's and the BIA's opinions "for the sake of completeness." *Zaman v. Mukasey*, 514 F.3d 233, 237 (2d Cir. 2008). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *see also Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165-66 (2d Cir. 2008).

For asylum applications, like Weng's, governed by the REAL ID Act, the agency may, "[c]onsidering the totality of the circumstances," base a credibility finding on inconsistencies in the applicant's statements and other

2

record evidence without regard to whether they go "to the heart of the applicant's claim."  8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 163-64.

Substantial evidence supports the adverse credibility determination.  In finding Weng not credible, the agency reasonably relied on the fact that her testimony was inconsistent with statements made during a credible fear interview regarding when and whether she practiced Christianity in China.  In making this finding, the agency reasonably concluded that the record of Weng's credible fear interview was sufficiently reliable: it consisted of a typed account of the questions asked and answered with the assistance of a translator, which reflected that the interviewer explained the reasons for the interview, and posed questions designed to elicit information regarding a potential asylum claim.  *See Ming Zhang v. Holder*, 585 F.3d 715, 724-25 (2d Cir. 2009).  The record of Weng's border interview also exhibits these hallmarks of reliability.  *Id.; see also Ramsameachire v. Ashcroft*, 357 F.3d 169, 179-80 (2d Cir. 2004).

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot.  Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

                              FOR THE COURT:
                              Catherine O'Hagan Wolfe, Clerk